UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT STILLEY, | ) |
|                           Petitioner, | ) |
| vs. | ) Case No. 2:14-cv-00313-WTL-WGH |
| SUPERINTENDENT, | ) |
|                           Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Robert Stilley for a writ of habeas corpus challenges a prison disciplinary proceeding in REF 14-05-0001 in which he was found guilty of possessing intoxicants. For the reasons explained in this entry, Mr. Stilley's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On May 1, 2014, Officer Jacqueline West wrote a Report of Conduct that charged Mr. Stilley with intoxicants, class B offense 231. Dkt. 6-1. The Conduct Report states:

> On 5/01/14 at approximately 1250 Hrs. I, Officer J. West conducted a random search of Resident Stilley, Robert #979170 Room U1N-4. While conducting my search of Resident Stilley['s] property in the locker I confiscated from a Blue Pinned Stripped [sic] Suite [sic] Jacket that was hanging to the right side of the locker, one (1) large baggie of what appeared to be a green leafy substance "Synthetic Marijuana," one (1) small baggie of what appeared to be a green leafy substance "Synthetic Marijuana," eight (8) loose individually wrapped green leafy substance "Synthetic Marijuana" in torn commissary sheets, one (1) large baggie containing 36 individually wrapped green leafy substance "Synthetic Marijuana" in torn commissary sheets. When searching his bed #4, in his grey hoodie that was on his bed in a pocket was one (1) Marlboro Cigarette one (1) wrapped brown coffee paper with a green leafy substance inside. All items confiscated and sent to the evidence room. Resident Stilley was escorted to Unit #2.

Mr. Stilley was screened on May 1, 2014, and notified of the charge and given a copy of the conduct report. He did not wish to call any witnesses and did not request any physical evidence. He requested a lay advocate.

At the hearing conducted on May 2, 2014, Mr. Stilley provided the following comment, "Waived 24 hour notice. I believe it was a common area. It wasn't my jacket or stuff." Dkt. 6-8. The hearing officer found Mr. Stilley guilty based on the "[l]arge quantity of spice inside locker. Witnesses stating jacket belongs to offender. Room and locker not common areas." *Id*. The sanctions imposed included a written reprimand, an inter-facility transfer, deprivation of 90 days of earned credit time, and a demotion from credit class 1 to credit class 2. The hearing officer imposed the sanctions because of the seriousness, frequency and nature of the offense.

Mr. Stilley's appeal to the facility consisted of the following argument:

> On 5-1-14 a searching procedure was conducted by an officer with my personal locker. This personal locker I share with another offender residing at IREF. I have

> been at IREF for 90 days with no personal possessions to place in the lock (no cloth[es], personal belonging). The offender I was sharing this locker with has been at IREF 6 months prior to me residing. On the intake log sheet it shows that I have never had clothes or property sent in- all property in locker belongs to other offender. This conduct was not investigated fairly- the contents?? Found in the locker inside clothing was not mine. I'm looking for justice.

Dkt. 6-9.

The appeal was denied on June 13, 2014. Mr. Stilley then appealed to the Final Reviewing Authority on the same basis. That appeal was denied September 5, 2014. Mr. Stilley filed this petition for writ of habeas corpus on October 15, 2014.

### III.  Analysis

Mr. Stilley's claims for habeas relief are that: 1) he did not receive a copy of the hearing decision in violation of Indiana Department of Correction policy; 2) his lay advocate was not allowed to speak on his behalf at the hearing; and 3) the officer conducting the search threw clothes all around and the clothes found on his bed clearly belonged to the other offender.

Mr. Stilley's claims that he did not receive a copy of the hearing report and that his lay advocate was not allowed to speak at the hearing were not asserted on appeal. These claims, therefore, have been procedurally defaulted. *See Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992) (holding that the principles of exhaustion of available state remedies apply to prison disciplinary proceedings).

The claim relating to the sufficiency of the evidence was exhausted at both levels of appeal and is properly considered in this action. Mr. Stilley argues that the intoxicants were located in clothing that did not belong to him. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not

show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The hearing officer's decision is supported by the conduct report and the items confiscated during the search. A confidential witness also stated that the pin striped suit and hoodie belonged to Mr. Stilley. There was ample evidence to support the hearing officer's decision.

Mr. Stilley was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Stilley's due process rights.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Stilley's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

Date: 11/30/15

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Stilley, #979170
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135-9275

Electronically registered counsel